[736 NYS2d 265]

In the Matter of EDWARD THOMPSON, JR., an Attorney, Resignor.

Second Department, January 22, 2002

**APPEARANCES OF COUNSEL**

*Edward Thompson, Jr.*, East Moriches, resignor pro se.

*Robert P. Guido*, Syosset, for the Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Edward Thompson, Jr., has submitted an affidavit executed in July 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). Mr. Thompson was admitted to the Bar by the Appellate Division

of the Supreme Court in the Second Judicial Department on June 17, 1964.

Mr. Thompson is aware that he is the subject of an ongoing investigation and that charges predicated upon the results of that investigation would be prosecuted in a disciplinary proceeding against him which the Grievance Committee would recommend that this Court authorize. Mr. Thompson has admitted that he neglected legal matters entrusted to him and failed to maintain a sufficient escrow balance to meet his lawful obligations as escrow agent.

Mr. Thompson acknowledges that he cannot successfully defend himself on the merits of any charges which might be initiated by the Grievance Committee based upon the aforesaid acts of professional misconduct. He avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress.

Mr. Thompson acknowledges that he is fully aware of the implications of submitting his resignation, including the fact that Judiciary Law § 90 and the Court rules bar him from seeking reinstatement for at least seven years. He is aware that pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for same. Mr. Thompson is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, Edward Thompson, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

ALTMAN, J. P., S. MILLER, KRAUSMAN, GOLDSTEIN and TOWNES, JJ., concur.

Ordered that the resignation of Edward Thompson, Jr., is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward Thompson, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward Thompson, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred,

suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward Thompson, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.